# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JOHN G. MARSHALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| CAROLYN COLVIN, | ) | 1:14CV542 |
| Acting Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

On October 14, 2015, the United States Magistrate Judge's Memorandum Opinion and Recommendation ("Recommendation") was filed and notice was served on the parties pursuant to 28 U.S.C. § 636. [Docs. # 19, 20.] Plaintiff John G. Marshall timely objected. [Doc. #21.] After a careful consideration of the evidence of record, this court finds that the Commissioner's decision is supported by substantial evidence, and as a result, this court will overrule Mr. Marshall's objections and adopt the Recommendation.

I.

Federal law authorizes judicial review of the Commissioner's denial of social security benefits. 42 U.S.C. § 405(g); Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). However, the scope of review of such a decision is "extremely limited." Frady v. Harris, 646 F.2d 143, 144 (4th Cir. 1981). "The courts are not to try the case de novo." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir.

1974). Instead, "a reviewing court must uphold the factual findings of the ALJ if they are supported by substantial evidence and were reached through application of the correct legal standard." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation omitted).

"Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1993) (quoting Richardson v. Perales, 402 U.S. 389, 390 (1971)). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (internal citations and quotation marks omitted). "If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is substantial evidence." Hunter, 993 F.2d at 34 (internal quotation marks omitted).

"In reviewing for substantial evidence, the court should not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the [ALJ]." Mastro, 270 F.3d at 176 (internal brackets and quotation marks omitted). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." Hancock, 667 F.3d at 472.

## II.

Mr. Marshall filed an application for Social Security Disability Benefits on August 13, 2010 alleging a disability onset date of August 13, 2010. (Tr. at 11.)

2

Mr. Marshall's application was initially denied on August 2, 2011 and upon reconsideration on October 11, 2011. (Id.) Mr. Marshall requested a hearing before an Administrative Law Judge ("ALJ"), which was held on February 26, 2013. (Id.) Mr. Marshall, his attorney, and a vocational expert ("VE") attended the hearing. (Id.) At the hearing, Mr. Marshall amended his initial onset date from August 13, 2010 to March 31, 2011. (Id.) In an opinion dated March 29, 2013, the ALJ found that Mr. Marshall did not qualify as disabled. (Tr. at 8-23.) Mr. Marshall appealed the ALJ's finding to the Appeals Council. On May 1, 2014, the Appeals Council denied Mr. Marshall's request for review. (Tr. at 1.)

After the Appeals Council denied review, Mr. Marshall brought this action pursuant to Section 205(g) of the Social Security Act, as amended (42 U.S.C. § 405(g)), to obtain judicial review of a final decision of Defendant Commissioner of Social Security ("Commissioner"), denying Plaintiff's claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. (Compl. [Doc. #1].) Commissioner filed an Answer. [Doc. #9.] Subsequently, Mr. Marshall filed a Motion for Judgment Reversing Or Modifying The Decision of the Commissioner, or Remanding The Cause for A Rehearing pursuant Rule 7(b) of the Federal Rules of Civil Procedure [Doc. #12] and supporting Memorandum [Doc. #13]. Commissioner then filed a Motion for Judgment on the Pleadings [Doc. #16] and supporting Brief [Doc. #17]. Mr. Marshall subsequently filed his Memorandum In Response to Motion for Judgment on the Pleadings [Doc. #18].

III.

Mr. Marshall objects to the Recommendation with regard to two issues: (1) the Magistrate Judge was incorrect in finding the ALJ's improper weighing of two consultative examiners resulted in harmless error and (2) the Magistrate Judge was incorrect in finding the ALJ's improper weighing of Mr. Marshall's housemate's statement resulted in harmless error.

**A. Opinions of Dr. Morris and Dr. Sullivan**

Dr. Morris consultatively examined Mr. Marshall on June 30, 2011. (Tr. at 335.) At this exam, Dr. Morris diagnosed Mr. Marshall with (1)"Status post injury to right femur, right kneed and lower leg in 1985", (2) "recent fracture of right fibula", and (3) "depression". (Id.) Dr. Morris then went on to find that

> The number of hours that the claimant could be expected to stand and walk in an eight-hour workday is two hours due to his slow and antalgic gait; his inability to do toe, heel and tandem walking; his decreased range of motion in the neck, lower back, right hip, right knee and both ankles; his tenderness in the right lower extremity and left lower extremity; and his decreased motor strength in both lower extremities.
>
> The number of hours that the claimant could be expected to sit in an eight-hour workday is about six hours with a break every one hour.

(Tr. at 335-336.) Dr. Morris also found that Mr. Marshall needed an assistive device for walking, could not carry or lift more than ten pounds, postural limitations, and no heights. (Id. at 336.) The ALJ found Mr. Marshall to have a

4

RFC[1] to perform light work with limitations that he "can only occasionally stoop and climb ladders." (Id. at 16.) The ALJ further limited the RFC by acknowledging Mr. Marshall's need to use a cane and requiring "the option to alternate between sitting and standing at will throughout the workday." (Id.) In the Recommendation, the Magistrate Judge notes that the ALJ discussed Dr. Morris' findings and opinions and enumerated the findings to which the ALJ gave great weight. ([Doc. #19] at 10.) However, the ALJ then gives a blanket statement that "the undersigned assigns no weight to Dr. Morris' opinions regarding [Mr. Marshall's] limitations as they fully contradict the above observations and examination." (Tr. at 20.; Recommendation [Doc. #19] at 11.) The Magistrate Judge found that the ALJ's blanket statement was not sufficient, but went on to find this insufficiency harmless, because "substantial evidence supports [the ALJ's] ultimate decision to afford such opinions 'no weight'." (Recommendation [Doc. #19] at 12.) The Magistrate Judge grounded this finding in the fact that many of the limitations listed by Dr. Morris seemed to be a direct result of Mr. Marshall's recent injury and did not last after the injury healed. (Id. at 11-12.)

---

[1] "RFC is a measurement of the most a claimant can do despite [the claimant's] limitations." Hines, 453 F.3d at 562 (citation omitted). The RFC includes both a "physical exertional or strength limitation" that assesses the claimant's "ability to do sedentary, light, medium, heavy, or very heavy work," as well as "nonexertional limitations (mental, sensory, or skin impairments)." Hall, 658 F.2d at 265. "RFC is to be determined by the ALJ only after [the ALJ] considers all relevant evidence of a claimant's impairments and any related symptoms (e.g., pain)." Hines, 453 F.3d at 562.

5

Mr. Marshall argues that "this error is not harmless when considering Dr. Morris' opinions as to Marshall's limitations versus the ALJ's residual capacity finding." (Pl.'s Objections to Recommendation ([Doc. #21] at 3.) "[T]he Fourth Circuit has embraced harmless error review of administrative decisions, such that, if an ALJ erroneously considered or failed to consider some evidence, remand is not appropriate unless the claimant was prejudiced." Dyrda v. Colvin, 47 F.Supp.3d 318, 326 (M.D.N.C. 2014). "Errors are harmless in Social Security cases when it is inconceivable that a different administrative conclusion would have been reached absent the error." Austin v. Astrue, 2007 WL 3070601, at *6 (W.D.Va. 2007).

In the present action, Mr. Marshall does not explain how the RFC would have been different had the ALJ given all of Dr. Morris' physical limitations substantial weight. Mr. Marshall also fails to specify what physical limitations the ALJ disregarded and how this impacted the RFC. See Robinson v. Astrue, 2011 WL 4368396, at *5 (D.S.C. 2011) (holding that when plaintiff failed to demonstrate how any additional discussion by the ALJ would have produced a different result, the error was harmless). Because Mr. Marshall does not set forth any additional limitations he contends the ALJ should have included in the RFC, his arguments concerning the ALJ's assessment that Dr. Morris's findings were not harmless fails.

Dr. Sullivan evaluated Mr. Marshall at the request of the Social Security Administration on June 13, 2011. (Tr. at 325-329.) Dr. Sullivan diagnosed Mr.

6

Marshall with "dysthymic disorder" and rated Mr. Marshall's Global Assessment of Functioning ("GAF") as 50 to 55, a score reflective of potential serious psychological symptoms (GAF of 41 to 50) or moderate symptoms (GAF of 51 to 60). (Memorandum [Doc. #19] at n.6.) The ALJ assigned "no weight" to Dr. Sullivan's diagnosis of depression. (Tr. at 19.) The Magistrate Judge found that the ALJ's decision to give "no weight" to Dr. Sullivan's diagnosis failed to satisfy the regulatory requirements for three reasons, but ultimately found this error to be harmless. (Recommendation [Doc. #19] at 14-18.)

Mr. Marshall counters that the ALJ's rejection of Dr. Sullivan's opinion is not harmless, because the ALJ found that Mr. Marshall "has limitations in concentration, persistence, or pace," but did not account for those in the RFC. (Pl.'s Objections [Doc. #21] at 4.) Mr. Marshall relies on the Fourth Circuit decision in <u>Mascio v. Colvin</u>, 780 F.3d 632 (4th Cir. 2015), in support of the argument that this error was not harmless and warrants remand. In <u>Mascio</u>, plaintiffs argued that the ALJ did not account for the limitation in concentration, persistence, or pace in the hypotheticals making the RFC inaccurate. In <u>Mascio</u>,

> [t]he ALJ's hypothetical, together with the vocational expert's unsolicited addition of 'unskilled work,' matched the ALJ's finding regarding Mascio's residual functional capacity. Thus, the hypothetical was incomplete only if the ALJ failed to account for a relevant factor when determining Mascio's residual functional capacity. According to Mascio, that is precisely what happened—the ALJ did not consider her mental limitations despite crediting at step three Mascio's diagnosis of an adjustment disorder and also finding that Mascio had moderate difficulties in maintaining her concentration, persistence, or pace as a side effect of her pain medication.

7

Mascio, 780 F.3d at 637-38. The Mascio court went on to find that the ALJ's hypothetical was inadequate with regard to plaintiff's mental limitations. "[A]n ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." Id. at 638. Mr. Marshall argues that Mascio is "directly on point" to his case. However, as the Magistrate Judge addresses, the ALJ in the present action did not limit the hypothetical only to "simple, routine tasks" or "unskilled work." After addressing physical limitations, the ALJ asked the vocational expert about work limited to "simple, routine tasks; simple, short instructions; simple work-related decisions; few work place changes; no work at [a] fixed production rate or pace; occasional interaction [with the] general public, co-workers, [and] supervisors." (Tr. at 75-77.) In response, the VE cited three jobs, available in significant numbers in the national economy, that Mr. Marshall could perform. (Tr. at 77.) Thus, although the ALJ did not properly articulate reasons for the decision to give "no weight" to Dr. Sullivan's diagnosis, the ALJ did properly account for the mental limitations in Mr. Marshall's RFC. In addition, as discussed supra, Mr. Marshall has not suggested how the ultimate outcome of the ALJ's findings would be different if Dr. Sullivan's opinion had been given greater weight, supporting the finding that any error in this regard was harmless.

### B. Julie Spencer's Third Party Function Report

Mr. Marshall's final objection to the Recommendation is the ALJ's assignment of "little weight to the opinions of Ms. Spencer as she is not a medical

doctor who can diagnose the claimant's alleged impairments nor assess their limitations. Furthermore, she has a natural bias in favor of the claimant due to their personal relationship." (Tr. at 20.) Ms. Spencer, Mr. Marshall's housemate, completed a third party function report on February 6, 2011. (Id.) As with Mr. Marshall's other objections, this court is in agreement with the Magistrate Judge that "even assuming that the ALJ's stated reasons for discrediting Ms. Spencer constituted error, no basis exists for remand of the case. [Mr. Marshall] has failed to demonstrate how a proper analysis of Ms. Spencer's report would have resulted in a different outcome in the case." (Recommendation [Doc. #19] at 21.) Ms. Spencer's testimony seems to corroborate Mr. Marshall's testimony at the hearing, which the ALJ did consider. Thus, absent any showing that the ALJ's decision to not give greater weight to Ms. Spencer's testimony prejudiced Mr. Marshall, this court is in agreement that any error was harmless. See Scott v. Colvin, 2015 WL 5567572, at *6 (W.D.N.C. 2015) (holding that plaintiff's argument that ALJ erred in not considering third party statements lacked merit, particularly in light of plaintiff's own testimony as to her capabilities).

IV.

For the reasons stated herein, the Court adopts the Magistrate Judge's Recommendation [Doc. #19]. Plaintiff's Motion for Judgment Reversing the Commissioner [Doc. #12] is **DENIED**, Defendant's Motion for Judgment on the Pleadings [Doc. #16] is **GRANTED**, and the action is **DISMISSED WITH**

9

**PREJUDICE**.

A Judgment dismissing this action will be entered contemporaneously with this Memorandum Order.

This the 30th day of September, 2016.

<u>/s/ N. Carlton Tilley, Jr.</u>
Senior United States District Judge